IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 08-648-1 |
| v. | : | |
| | : | CIVIL ACTION |
| KEVIN DARNELL WYCHE | : | NO. 16-2997 |

**MEMORANDUM**

**Judge Juan R. Sánchez**  **March 11, 2024**

Kevin Darnell Wyche has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  Because the question of whether the predicate offense for Wyche's § 924(c) conviction—completed Hobbs Act robbery—qualifies as a crime of violence after *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), has now been answered affirmatively by the Third Circuit, Wyche's motion shall be denied.  *See United States v. Stoney*, 62 F. 4th 108 (3d Cir. 2023).

**FACTUAL BACKGROUND**

On October 22, 2008, Wyche was indicted on one count of conspiracy to commit Hobbs Act robbery and two counts of Hobbs Act robbery, all in violation of 18 U.S.C. § 1951, two counts of carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).[1] These charges arose out of Wyche's participation in the robberies of two grocery stores in Philadelphia on February 10, 2008.  Wyche pled guilty to one count each of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and using a firearm during a crime of violence on

---

[1] Williams was also charged and convicted of aiding and abetting liability.

1

January 14, 2011.  He was sentenced to a term of 138 months' imprisonment on the Hobbs Act robbery and conspiracy counts and to a mandatory consecutive term of 84 months on the § 924(c)(1) conviction for a total term of 222 months' incarceration.

On June 14, 2016, after receiving appointed counsel from the Federal Community Defender Office, Wyche filed a counseled motion under § 2255 to vacate his § 924(c) conviction and sentence based on the Supreme Court's then-recent decision in *Johnson*.  That decision invalidated the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that imposing an increased sentence under the clause violated the right to due process.  *Johnson*, 576 U.S. at 597, 606.  Wyche asserts the similarly-worded residual clause of § 924(c)(3)(B) is also unconstitutionally vague with the result that Hobbs Act robbery no longer meets the definition of a "crime of violence."  Thus, Wyche argues, his conviction and sentence under § 924(c) must be set aside as violative of his right to due process of law.

Wyche's motion was initially stayed pursuant to court-wide Administrative Order.  Subsequent to the filing of Wyche's motion, the Supreme Court determined that § 924(c)(3)(B) was indeed unconstitutionally vague.² *Davis,* 139 S. Ct. at 2336.  Because the issue of whether

---

² In so holding the Court followed *Johnson* and its later decision in *Sessions v. Dimaya*, 584 U.S. 148 (2018), in which it invalidated the general definition of the term "crime of violence" set forth in 18 U.S.C. § 16.  The wording of § 16 also closely resembles that of § 924(c)(3)(B):

> The term "crime of violence" means—
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

Hobbs Act robbery was "categorically" a crime of violence under § 924(c)(3)(A)'s "elements" clause was under consideration by higher courts, Wyche's motion remained stayed pending resolution of this issue. Following entry of the Third Circuit's decision in *Stoney*, Wyche's motion is now ripe for adjudication.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted). In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Because it is clear from the record of this case that Wyche is not entitled to any relief, an evidentiary hearing is not necessary.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *Davis*, 139 S. Ct. at 2324. A "crime of violence" is a felony offense that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

As noted, *Davis* made clear that to uphold a conviction and sentence under § 924(c)(1), the predicate crime must be a categorical "crime of violence" pursuant to the "elements" clause of § 924(c)(3)(A). *See Stoney*, 62 F.4th at 111 n.2. ("[N]ow, only § 924(c)(3)(A), the 'elements clause' contemplates whether a felony offense qualifies as a crime of violence."). *Stoney* considered the identical issue raised by Wyche: whether completed Hobbs Act robbery requires proof of "the use, attempted use, or threatened use of physical force," and is thus "categorically a crime of violence under § 924(c)(3)(A)," and held that it is. 62 F. 4th at 113-14 (quoting § 924(c)(3)(A)). Thus, Wyche's § 924(c) conviction and sentence remain valid and his motion shall be denied. Additionally, in view of the unanimity of Circuit authority on this point, Wyche cannot and has not shown reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong. Accordingly, no certificate of appealability shall issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,      J.